Cardozo, J.
 

 (concurring). An agreement that all differences arising under a contract shall be submitted to arbitration relates to the law of remedies, and the law that governs remedies is the law of the forum. In applying this rule, regard must be had not so much to the form of the agreement as to its substance. If an agreement that a foreign court shall have exclusive jurisdiction is to be condemned
 
 (Benson
 
 v.
 
 Eastern B. & L. Assn.,
 
 174 N. Y. 83;
 
 Nute
 
 v.
 
 H. M. Ins. Co.,
 
 6 Gray, 174, 180;
 
 Slocum
 
 v.
 
 Western Assur. Co.,.
 
 42 Fed. Rep. 235;
 
 Cough
 
 v.
 
 Hamburg Am. Co.,
 
 158 Fed. Rep. 174), it is not saved by a declaration that resort to the foreign court shall.be deemed a condition precedent to the accrual of a cause of action. A rule would not long survive if it were subject to be avoided by so facile a device. Such a contract, whatever form it may assume, affects in its operation the remedy alone. When resort is had to the foreign tribunal for the
 
 *349
 
 purpose of determining whether certain things do or do not constitute a breach, the cause of action must in tha nature of things be complete before jurisdiction is invoked, and cannot be postponed by the declaration that it shall not be deemed to have matured until after judgment has been rendered. This must be so whether the tribunal ia a court or a board of arbitrators. Indeed, the considerations adverse to the validity of the contract are more potent in the latter circumstances, for in the one case we yield to regular and duly organized agencies of the state and in the other to informal and in a sense irregular tribunals.
 
 (Mittenthal
 
 v.
 
 Mascagni,
 
 183 Mass. 19, 23.) In each case, however, the fundamental purpose of the contract is the same: to submit the rights and wrongs of litigants to the arbitrament of foreign judges to the exclusion of our own. Whether such a contract is always invalid where the tribunal is a foreign court, we do not need to determine. There may conceivably be exceptional circumstances where resort to the courts of another state is so obviously convenient and reasonable as to justify our own courts in yielding to the agreement of the parties and declining jurisdiction.
 
 (Mittenthal
 
 v.
 
 Mascagni, supra.)
 
 If any exceptions to the general rule are to be admitted, we ought not to extend them to a contract where the exclusive jurisdiction has been bestowed, not on the regular courts of another sovereignty, but on private arbitrators. Whether the attempt to bring about this result takes the form of a condition precedent or a covenant, it is equally ineffective.
 

 A very similar question was involved in
 
 Benson
 
 v.
 
 Eastern Bldg. & L. Assn.
 
 (174 N. Y. 83, 86). It was there argued that a provision requiring a trial in a certain county was intended, not as a limitation of the remedy, but as a condition precedent to a cause of action. Cullen, J., writing for this court, disposed of the point in a few words:
 

 “We think this argument proves too much. It is dif
 
 *350
 
 ficult to see why it would not uphold an agreement that all claims-against the parties should be determined by arbitrators and not by the courts. It might be said with as much force in such a case as in the one now before us that the cause of action could, under the agreement, accrue only on the decision of the arbitrators. Yet nothing is better settled than that agreements of the character mentioned are void.
 
 (Greason
 
 v.
 
 Keteltas,
 
 17 N. Y. 491;
 
 Prest., etc., D. & H. Canal Co.
 
 v.
 
 Pennsylvania Coal Co.,
 
 50 N. Y. 250.) We think the doctrine of the
 
 Nute Case
 
 (6 Gray, 174) is the true one, that the stipulation affects the remedy, not the cause of action.
 
 ”
 

 Building contracts are made in Hew York to be performed all over the United States. If the judgment of the court below is to stand, jurisdiction over controversies arising under such contracts may be withdrawn from our courts and the litigation remitted to arbitrators in distant states. The presence of the parties here, the ownership of property in this jurisdiction, these and other circumstances may make resort to our courts essential to the attainment of justice. If jurisdiction is to be ousted by contract, we must submit to the failure of justice that may result from these and like causes. It is true that some judges have expressed the belief that parties ought to be free to contract about such matters as they please. In this state the law has long been settled to the con-' trary.
 
 (Sanford
 
 v.
 
 Commercial Travelers' Mut. Acc. Assn.,
 
 86 Hun, 380; 147 N. Y. 326;
 
 Nat. Contracting Co.
 
 v.
 
 Hudson R. W. P. Co.,
 
 192 N. Y. 209. See also;
 
 Miles
 
 v.
 
 Schmidt,
 
 168 Mass. 339;
 
 Fisher
 
 v.
 
 Merchants' Ins. Co.,
 
 95 Me. 486.) The jurisdiction of our courts is established by law, and it is not to be diminished, any more than it is to be increased, by the convention of the parties.
 

 I concur with Judge Hogan and vote for reversal.
 

 Hiscook, Chase and Ouddebacic, JJ., concur; Willard Bartlett, Oh. J., dissents; Miller, J., not sitting.
 

 Judgment reversed, etc.