**CERRO DE PASCO COPPER CORP. v. KNUT KNUTSEN, O. A. S.**

No. 175, Docket 21904.

United States Court of Appeals
Second Circuit.

Argued Feb. 14, 1951.

Decided March 9, 1951.

The district court dismissed the libel on grounds of *forum non conveniens.* The opinion, 94 F.Supp. 60, 61, states all the pertinent facts except that the libellant's agent signed the bill of lading and that it is undisputed that, under Peruvian and Norwegian law, the provision of the bill as to the place of suit is valid.

Bigham, Englar, Jones & Houston, New York City (F. Herbert Prem, New York City, of counsel), for libellant-apppellant.

Haight, Deming, Gardner, Poor & Havens, New York City (Wharton Poor and James McKown, Jr., New York City, of counsel), for respondent-appellee.

Before CHASE, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Clause 12 of the bill of lading provides: "Any claim under this Bill of Lading including claims for alleged unseaworthiness * * * to be settled with the Company in Norway, according to Norwegian law to the exclusion of proceedings in the Courts of any other Country. Any dispute regarding the interpretation of the rules of this Bill of Lading is to be decided in Norway according to Norwegian Law which is in every respect governing * * *". The bill was issued in Peru and (this we regard as important) was there signed on behalf of libellant. It is undisputed that such a provision is valid under the laws of both Norway and Peru. We think it sufficient to justify the trial court's exercise of discretion in refusing to try the suit, although we

are not to be taken as saying that there might not be circumstances (not present here) which would render such a refusal unjust.

Libellant argues that such a decision amounts to saying that parties to a contract by their agreement can oust the federal courts of their exclusive admiralty jurisdiction which the Constitution prescribes, and that in no circumstances can an American citizen be deprived of his right to invoke this jurisdiction. It may be doubted whether the jurisdiction of admiralty litigation in the United States courts is "exclusive" except in the sense of excluding the jurisdiction of the state courts in certain cases. At any rate, the district court here did exercise jurisdiction to decide, in its discretion, whether it was the appropriate forum to hear the case on the merits.[1] The court's conclusion that it was not the appropriate forum clearly did not constitute an abuse of discretion, considering these facts stated by the district judge: "No loading of this vessel took place in any United States port. All of the cargo was to be delivered in European ports * * * None of the crew of the Geisha are in the United States and none are planning to visit the United States." Further, we do not understand libellant to contend that it will be without an effective remedy in the Norwegian courts. Because of Clause 12 of the bill, we think Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 698, 70 S.Ct. 861, inapposite. See Mittenthal v. Mascagni, 183 Mass. 19, 66 N.E. 425, 60 L.R.A. 812. The instant case is not one where the parties agreed that no court was to hear the grievances of either.[2]

Affirmed.

CLARK, Circuit Judge (concurring).

I prefer to place my concurrence upon the validity, under the circumstances here

disclosed, of the contract requiring all claims to be settled in Norway. The apparently wider discretion granted in the opinion to the district judge to pass upon the appropriateness of the forum may, perhaps, raise more extensive questions which we need not now face. See discussion in P. Beiersdorf & Co. v. McGohey, 2 Cir., 187 F.2d 14.

---

1. It might be said that the court took jurisdiction and granted specific performance of Clause 12 of the bill on the ground that that provision was fair and not against public policy, all the facts considered.

2. But see cases where the parties agreed that their agreement was not to be legally enforceable or the subject of litigation. Rose and Frank Co. v. Crompton [1925] A.C. 445; [1923] 2 K.B. 261; Appleson v. H. Littlewood, Ltd., [1939] 1 All Eng. 464; Kind v. Clark, 2 Cir., 161 F.2d 36, 46; 1 Corbin, Contracts (1950) 100.