**SOCIEDADE BRASILEIRA DE INTER-CAMBIO COMERCIAL E INDUS-TRIAL, LTDA., Libelant,**

v.

**S. S. PUNTA DEL ESTE, her engines, boilers, etc., and Administracion Nacional De Puertos, Respondents.**

Civ. A. 239-55.

United States District Court
D. New Jersey.

Oct. 13, 1955.

---

The Administracion chartered the Punta Del Este to Montemar, S.A., a Uruguayan corporation, which, in turn, chartered her to Leo Zeitlin & Co. of New York.

The respondents have now moved this court to decline to exercise the jurisdiction it concededly has over this cause on the ground that the suit is one between aliens and can be more conveniently tried elsewhere. The parties agree that the issue is solely one for this court's discretion. See 1 Benedict on Admiralty § 84.

Respondents attempt to show that libelant has bound itself by contract to litigate its claim only in Uruguay and under the law of that country. Although such contracts cannot bind a court, a recent decision of the United States Court of Appeals for the Second Circuit has held that they may be enforced, where it is reasonable to do so. Wm. H. Muller & Co. v. Swedish American Line, 2 Cir., 1955, 224 F.2d 806.

The affidavit submitted by respondents' counsel states that in their charter agreement the Administracion and Montemar, S.A. agreed to submit their disputes to the laws and courts of Uruguay. It has not been demonstrated that this charter agreement between the Administracion and Montemar, S.A. has been made applicable to the libelant.

Richman & Berry, Camden, N. J., for libelant. Hill, Rivkins, Middleton, Louis & Warburton, New York City, by J. Edwin Carey, New York City, of counsel.

Smith, Stratton & Wise, by Hugh D. Wise, Jr., Princeton, N. J., for respondents. Gordon W. Paulsen, New York City, of counsel.

FORMAN, Chief Judge.

On August 10, 1953 the S. S. Punta Del Este left New Orleans carrying 80,000 bags of wheat flour shipped under bills of lading issued by Leo Zeitlin & Co., Inc. of New York and which were consigned to the libelant, a corporation of Brazil. It is alleged that the flour arrived at its destination, Santos, Brazil, in damaged condition. Libelant attached the Punta Del Este while she was at dock within this jurisdiction and later consented to her release after filing of security by respondents.

The Punta Del Este is owned by the Administracion Nacional De Puertos, an agency of the Uruguayan government.

The bill of lading of Leo Zeitlin & Co. provides: "all terms, conditions and exceptions as of charter party dated July 17, 1953 to be considered as fully incorporated". This has reference to the charter party between Montemar, S.A. and Zeitlin, which has not been placed before this court. But, assuming that it has a provision whereby Zeitlin and Montemar, S.A. agreed that Uruguayan law was to apply, that provision could not be imposed upon the libelant for the bill of lading issued by Zeitlin to libelant further provides:

"This shipment shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States [46 U.S.C.A. § 1300 et

seq.], approved April 16, 1936, which shall be deemed to be incorporated herein and nothing herein contained shall be deemed a surrender by the carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities under said Act."

Thus, any condition in the Zeitlin-Montemar charter party that the parties to whom it applies are to litigate only under Uruguayan law would be modified by this express imposition of the Carriage of Goods by Sea Act contained in the Zeitlin bill of lading.

The Zeitlin bill of lading also contains a clause that

"* * * the rights and obligations * * * of each and every person * * * in respect of the receipt, care, custody, carriage, delivery or transshipment of the goods * * * shall be subject to and governed by the terms of the carrier's regular bill of lading, which shall be deemed to be incorporated herein * * *"

A copy of the regular bill of lading of the Administracion does carry a provision that all claims "if made judicially * * * must be heard before the competent Court in the City of Montevideo." This is by no means inconsistent with the provision that American law is to apply, and is an agreement that certainly is not binding on the court, and even under the decisions cited by respondents is not to be enforced where that would be an "unreasonable" course. Wm. H. Muller & Co. v. Swedish American Line, supra.

The respondents rely on the following cases: Wm. H. Muller & Co. v. Swedish American Line, supra; Cerro de Pasco Copper Corp. v. Knut Knutsen, 2 Cir., 1951, 187 F.2d 990; United States M. & S. Ins. Co. v. A/S Den Norske A. Og. A. Line, 2 Cir., 1933, 65 F.2d 392 and The Iquitos, D.C.W.D.Wash.1921, 286 F. 383. In each there were specific provisions requiring the parties to litigate in and under the law of a particular forum. They are distinguishable because here the agreements impose no such identity of both governing law and situs of litigation which can be said to bind the libelant.

Some features of the case of Galban Lobo Trading Co. S/A v. The Diponegoro, D.C.S.D.N.Y.1952, 108 F.Supp. 741, relied on by the respondents, are similar to this one. That was a suit by a Cuban corporation against an Indonesian corporation for damage to a cargo of sugar. The cargo was shipped from Havana and only part was delivered to its destination in Israel. The remainder, for some unexplained reason, had been discharged in Marseille. Despite the fact that the contract of carriage had been executed in New York and incorporated the provisions of the Carriage of Goods by Sea Act, the court declined jurisdiction, leaving the parties to the French courts. It was found that a court in Marseille would be a more convenient forum because of the easier availability there of sources of proof. But, it is to be noted that in the Galban Lobo case the parties were remitted from one neutral forum to another. In this case the effect of declining jurisdiction would be to force libelant to sue in respondents' home forum. In The Harfry, D.C.D.N.J.1941, 39 F.Supp. 893, the lack of another available neutral forum was held to have significant weight in a decision to retain jurisdiction over an admiralty action between aliens. No case has been cited in which discretion has been exercised to send the parties to a non-neutral forum unless there was found an express agreement to submit to the laws of a particular country and to litigate only in its courts. See also Bernhard v. Creene, D.C.D.Or.1874, 3 Fed.Cas. page 279, No. 1,349; The Belgenland, 1885, 114 U.S. 355, 368–369, 5 S.Ct. 860, 29 L.Ed. 152.

As to the availability of proof, respondents urge as a reason for granting the motion to decline jurisdiction that the testimony of tally clerks at Santos, as well as that of the crew of the Punta Del

Este, will be needed. Respondents also point out that the ship's officer who was in charge of unloading the cargo is no longer on board the Punta Del Este and that his testimony, too, will have to be brought here from Santos, since he is presently engaged in shore duty there. However, libelant has asserted without contradiction that the Punta Del Este has been in North American waters for the past several months and therefore the testimony of her crew has been readily available.

██ Respondents also support their argument by agreeing to transfer the security they have deposited in this court to Uruguay and to waive any defense they may have under a statute of limitations. Thus, they assert, libelant will not suffer "hardship" by a dismissal of the libel. That is not the point. What are to be applied in this case are the criteria included in the doctrine of forum non conveniens, [as distinguished from those applied under the transfer provisions of 28 U.S.C. § 1404(a) see Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544]. Under that doctrine the important right of the plaintiff or libelant to choose as he pleases from among the possible sites of litigation is respected unless the defendant or respondent can show that he will be "unfairly prejudiced", Kloeckner Reederei Und Kohlenhandel v. A/S Hakedal, 2 Cir., 1954, 210 F.2d 754, 756, or it is found that "the balance is strongly in favor of the defendant," Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055. And since it will be no greater inconvenience for the respondents to bring to this court testimony of persons in Santos than it would be for libelant to take that of clerks in New Orleans to Montevideo, there is no "balance strongly in favor of the defendant" which would move the court to exercise its discretion in respondents' behalf.

Therefore, the motion to decline jurisdiction will be denied and an order should be settled accordingly.