**AETNA INSURANCE COMPANY,**
Libellant,

v.

**THE SATRUSTEGUI,** her engines, boilers, apparel and furniture, and Compañia Trasatlantica Española, S. A., owners of The Satrustegui, and all persons lawfully intervening for their interest in said vessel, Respondents.

No. 4–58.

United States District Court
D. Puerto Rico,
San Juan Division.
March 17, 1959.

Hartzell, Fernandez & Novas, San Juan, P. R., for libellant.

Cordova & Gonzalez, San Juan, P. R., for respondents.

**34**

RUIZ-NAZARIO, District Judge.

The S. S. Satrustegui is a Spanish merchant vessel, owned, managed, operated and controlled by the respondent Compaiña Trasatlantica Española, S. A., employed by it as a common carrier of merchandise by water for hire between, amongst others, the port of Valencia, Spain, and the port of San Juan, Puerto Rico.

Around January 1957, one thousand cases of Spanish red peppers were delivered to said carrier, at the port of Valencia, Spain, and thereafter placed on board said vessel for transportation to San Juan, Puerto Rico, under a contract of carriage with the respondent and in consideration of an agreed freight, which was duly prepaid.

Under the contract respondent agreed to carry and transport the merchandise aboard said vessel to the port of San Juan, Puerto Rico and to deliver the same at the last named port to Ballester Hermanos Inc., consignee thereof, in accordance with the valid terms and conditions of the bill of lading covering the shipment.

The aforesaid bill of lading which, as asserted by respondents and not refuted by libellant is not a clean bill of lading, contains a clause or condition in the Spanish language, which translated to English reads as follows:

"20—Any claim or complaint to be made against the Compañia Trasatlantica in connection with the contract of affreightment to which this Bill of Lading refers, must necessarily be submitted to the courts of Barcelona, the single jurisdiction to which this Company submits."

Libellant herein, Aetna Insurance Company issued, prior to the sailing of the vessel from the port of Valencia, à policy of insurance in which the consignee of the merchandise, Ballester Hermanos Inc. was insured against loss of the shipment of Spanish red peppers to the full extent thereof, during the voyage of the S. S. Satrustegui.

It is alleged in the libel that upon the arrival of the vessel at the Port of San Juan, Puerto Rico, on or about February 26–27, 1957 and the unloading of the shipment, the one thousand cases of peppers were delivered to the consignee Ballester Hermanos Inc. "not in like good order and condition as when shipped but seriously injured (sic) and badly damaged, due to contact with water and other foreign substances, the exact nature of which is unknown to the libellant."

Aetna Insurance Company, as insurer, allegedly paid to Ballester Hermanos Inc., consignee of the merchandise, the amount of $4,054.69 in satisfaction of the latter's claim for the alleged damages sustained by the insured under the former's policy.

Whereupon libellant Aetna Insurance Co. brought the libel herein against the vessel and its owner seeking to condemn and sell the vessel to satisfy its claim for damages as subrogee of the consignee Ballester Hermanos Inc.

Respondents have filed a motion requesting this court to decline jurisdiction pursuant to the jurisdictional agreement embodied in the bill of lading, and this is the question now before the court for decision.

█ The clause or condition of the bill of lading, quoted supra, and here in question, does not appear to be invalid under the "Carriage of goods by the Sea Act", 46 U.S.C.A. § 1303.

All that the section prohibits are clauses, covenants or agreements *relieving* the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault or failure in the duties and obligations provided in the section, or *lessening* such liability otherwise than as provided in the chapter. See Par. (8) of the Section.

The clause or condition of the bill of lading involved herein neither relieves the carrier from the liability mentioned in the section nor does it lessen the same in any way.

In the law of contracts a bargain or covenant to forego a privilege that otherwise would exist, to litigate in a particular court, or otherwise to limit the tribunal to which resort may be had for the enforcement of a possible future right of action has been held illegal if found to be *unreasonable*. Restatement of the Law-Contracts Sec. 558.

The above rule has a more liberal application in cases involving the conflict of laws, where it has been held that "Parties to a contract may provide that all actions for breach of the contract shall be brought only in a certain court, and the courts of other states will usually give effect to such a provision; but the requirement can be imposed only by consent of the parties and as a term of a contract. If the parties agree, it is not like the case of one state prescribing by its statute what the courts of another state may do." Restatement of the Law, Conflict of Laws, Procedure, Sec. 617, Comment a.

The controversy here is whether the merchandise was delivered by the carrier to the consignee at the port of San Juan, Puerto Rico, in like order and condition as when received and shipped at the carrier's vessel in Valencia, Spain.

If the bill of lading were a clean bill of lading, no doubt the bargain or covenant contained in it limiting the tribunal to which resort may be had for the enforcement of libellant's claim would sound unreasonable, in the light of the law of contracts. A clean bill of lading raises the presumption that the merchandise which it covers was received by the carrier and shipped at the point of embarkation in good order and condition and, therefore, the libellant upon resting on the aforesaid presumption would be able to establish a prima facie case without resorting to evidence only obtainable in a foreign country where the merchandise was loaded on board the vessel.

But where, as here, the bill of lading is not a clean bill of lading and no presumption therefore may be raised that the merchandise was received and shipped on board the vessel in good order and condition at the foreign port, then libellant has to produce evidence, only obtainable at the foreign port, to establish the condition of the merchandise when delivered aboard for carriage so that the issue of whether it was not received and delivered at the port of debarkation in like order and condition may be proved.

Therefore, as resort must be had to evidence only obtainable in the foreign port of embarkation, the enforcement of the aforesaid condition of the policy does not appear to be unreasonable and is not subject to the ban of the law of contracts.

Neither does it appear, under the circumstances involved in this action that its enforcement is against public policy.

The vessel is a Spanish vessel, its owner is a Spanish concern, it was loaded in a Spanish port, the longshoremen who loaded the merchandise on board the vessel and handled said merchandise there are Spaniards and live in Spain, all persons who participated in the receiving and handling of the merchandise and had anything to do with it are residents of Spain; all the evidence necessary to prove the condition of the merchandise when it was received and shipped at the port of Valencia, Spain is only available in that place.

It has been held that this is a matter in the sound discretion of the courts. See: Cerro de Pasco Copper Corp. v. Knut Knutsen, O. A. S., 2 Cir., 187 F.2d 990.

Absent any question of unreasonableness or in contravention of public policy, a sound use of their discretion by the courts warrants the enforcement of jurisdictional agreements such as the one involved in this action. See: Wm. H. Muller & Co. v. Swedish American Line Ltd., 2 Cir., 224 F.2d 806, certiorari denied 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793.

In the exercise of this court's sound discretion I, therefore, conclude the respondent's motion must be granted, juris-

diction declined and this action dismissed without prejudice to any action in the agreed forum.

It is so ordered.