**PAKHUISMEESTEREN, S.A., Libellant,**

v.

**The S/S GOETTINGEN, her engines, etc., and Hamburg American Line, Respondents.**

United States District Court
S. D. New York.

Dec. 16, 1963.

Bigham, Englar, Jones & Houston, New York City, for libellant, John W. R. Zisgen, New York City, of counsel.

Cichanowicz & Callan, New York City, for respondent Hamburg American Line, Michael J. Ryan, New York City, of counsel.

McLEAN, District Judge.

This is a suit in admiralty by a Belgian corporation against a German ship and her owner, a German steamship line, to recover for damage to a shipment of rust preventive coatings which allegedly occurred during the course of a voyage from New York to Antwerp. Respondent moves to dismiss the libel on the ground that the parties have agreed to submit the controversy to the courts of Hamburg, Germany.

The bill of lading issued in New York was a so-called short form which provided that the carriage of the goods was subject to all the terms contained in the carrier's regular long form bill of lading and that:

"Such terms shall govern the relations, whatsoever they may be, between the shipper, consignee, assignee, and the carrier, master and ship in every contingency wheresoever and whensoever occurring * * *."

The long form bill of lading provided that:

"Any dispute arising under this bill of lading shall be decided by the Hamburg Courts; * * *"

It further provided that:

"This bill of lading contract shall be construed according to German law."

Libellant, although not the shipper, is the owner and holder of the bill of lading. Concededly it is bound by its terms.

The question is whether the parties' agreement is reasonable under the facts of this particular case. Wm. H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806, 56 A.L.R.2d 295 (2d Cir. 1955)

I think that it is. The sole connection which this case has with the United States is the fact that the shipment originated here. Neither of the parties is an American national. The damage allegedly occurred on the high seas.

As far as the convenience of witnesses is concerned, it is conceivable that witnesses in the United States might be needed to testify to the good order of the goods on shipment, but libellant does not so contend. The home port of the ship is Hamburg. Any members of her German crew who may be needed as witnesses could probably be found more readily in Germany than in New York, although it is, of course, true that because of the nature of their work, it may be necessary to take their testimony by deposition in any event. Witnesses who inspected the goods upon their discharge at Antwerp are located there. They are nearer to Hamburg than to New York.

The bill of lading provides that German law governs. This could more readily be applied by a German court. Germany is a maritime nation whose courts are presumably experienced in this sort of controversy.

Everything considered, there is as much or more to justify declining to exercise jurisdiction in this case as there was in the several other cases in recent years in which jurisdiction has been declined. Cerro De Pasco Copper Corp. v. Knut Knutsen, O.A.S., 187 F.2d 990 (2d Cir.1951); Wm. H. Muller & Co. v. Swedish American Line, Ltd., supra; Murillo Ltda. v. The Bio Bio, The Paraguay, The Argentina, 127 F.Supp. 13 (S.D.N.Y.1955), aff'd, 227 F.2d 519 (2d Cir.1955); Nieto v. The S. S. Tinnum, 170 F.Supp. 295 (S.D.N.Y.1958); Takemura & Company v. The S. S. Tsuneshima Maru, 197 F.Supp. 909 (S.D.N.Y. 1961).

Libellant's principal argument is that it will be unable to maintain an action in Hamburg because the one-year statute of limitations has run. Respondent promises to waive the statute if libellant begins a new action within six months. Libellant claims that under German law such a waiver would be ineffective, because the running of the statute extinguishes the right as well as the remedy. Respondent, however, denies that German law so provides, at least in a case like this where a timely action was begun by libellant in a United States court. Respondent buttresses its position with an opinion from a German lawyer.

If libellant is correct in its view of the German law, it would be unjust to dismiss this action, regardless of the factors which would otherwise lead to that result. I cannot decide from the affidavits on this motion what the German law is, and it would be difficult to be sure of it, even if testimony as to the German law were to be taken, since it is not unlikely that expert opinion could be found on each side of the question. Under these circumstances, I will adopt a solution

somewhat similar to Judge Noonan's in Galban Lobo Trading Co., S/A v. The Diponegoro, 108 F.Supp. 741 (S.D.N.Y. 1952). The motion is granted on condition that (1) if libellant begins an action in the German court within six months, respondent shall waive the statute of limitations, (2) if, despite that waiver, the German court refuses to entertain the action on the ground that it is not timely, libellant may then begin a new action in this court within six months after such determination of the German court and respondent shall waive the statute of limitations in such new action. If these conditions are not acceptable to respondent, the motion will be denied.

Submit decree in accordance with this opinion.