**NEW YORK UNDERWRITERS INSURANCE CO., Libellant,**

**v.**

**M.S. WURTTEMBERG, her engines, etc., and Ozean/Stinnes-Linien Gemeinschaftsdienst (Ozean-Linie G.m.b.H. Hugo Stinnes); "Brenntag" Mineralol-Chemikalien-U. Schiffahrts-Ges.M.B.M.-Partenreederei and Partenreederei M/S Wurtenberg, Respondents.**

United States District Court
S. D. New York.

Nov. 10, 1964.

Hill, Rivkins, Louis & Warburton, New York City, Alan S. Loesberg, New York City, of counsel, for libellant.

Cichanowicz & Callan, New York City, Michael J. Ryan, New York City, of counsel, for respondent Ozean/Stinnes-Linien Gemeinschaftsdienst (Ozean-Linie G.m.b.H. Hugo Stinnes).

BONSAL, District Judge.

Respondent Ozean/Stinnes-Linien Gemeinschaftsdienst (Ozean-Linie G.m.b. H. Hugo Stinnes) moves to dismiss this libel for cargo damage on the ground that the bills of lading require that the matter be litigated in the courts of Hamburg, Germany, the port of registry of the M/S WURTTEMBERG. Libellant is the subrogee of the German consignees of certain liner board shipments which were allegedly damaged during a voyage of the M/S WURTTEMBERG owned by respondent. The damage, in the amount of $2,800., allegedly occurred during a severe storm on a voyage between Savannah and the ports of Rotterdam and Bremen.

At the time of shipment from Savannah, the carrier issued to the shippers its short form bill of lading "at the shipper's convenience and at its request", which incorporated by reference the carrier's regular form of bill of lading and provided that the bill of lading was subject to the provisions of the U. S. Carriage of Goods by Sea Act (COGSA). The carrier's regular form of bill of lading provides, in clause XVII, that,

> "Any claim against the carrier arising under this Bill of Lading shall be decided according to the Hague Rules contained in the International Convention of certain Rules relating to Bills of Lading, * * * as enacted in the German Commercial Code * * *, except as provided elsewhere herein, and in the German Courts in Hamburg, to the jurisdiction of which the Carrier submits himself. * * * "

Respondent contends that libellant's claim should be made in the courts of Hamburg, in accordance with the bill of lading, which would be the most convenient forum.*

Libellant opposes the motion on the grounds: (1) that this Court should reserve jurisdiction under General Motors Overseas Corporation v. S. S. Goettingen, 225 F.Supp. 902 (S.D.N.Y.1964); and (2) that the small amount involved would not warrant the expense of pursuing the claim in the German courts.

There appears to be a division of authority on the issue presented in this motion. The Fifth Circuit holds that such jurisdictional clauses in bills of lading are contrary to public policy. Carbon Black Export, Inc. v. S. S. Monrosa, 254 F.2d 297 (5th Cir. 1958); Insurance Co. of North America v. N. V. Stoomvaart-Maatschappij "Oostzee" and the Steamship Loppersum, 201 F.Supp. 76 (E.D.La., New Orleans div., 1961). On the other hand, this Circuit finds such clauses are enforceable unless such enforcement would be unreasonable. William H. Muller & Co., Inc. v. Swedish American Line, 224 F.2d 806, 56 A.L.R. 2d 295 (2d Cir. 1955); Nieto v. S. S. Tinnum, 170 F.Supp. 295 (S.D.N.Y. 1958).

The instant bills of lading are subject to COGSA, and its standards will apply whether the claim is heard in this Court or in the German courts. This distinguishes the present case from General Motors Overseas Corporation v. S. S. Goettingen, supra, where the court felt that the German law on perils of the sea might be substantially broader than the standard provided in COGSA. On the matter of convenience, the Court does not feel that the libellant subrogee stands in any different position than its insured, the German consignees, who in all probability would have sought their remedy in the German courts. Therefore, the Court does not find the enforcement of the jurisdictional clauses in the bills of lading to be unreasonable, and notes that respondent has waived any defense of the German statute of limitations provided libellant institutes an action in the German courts within 90 days from the order to be entered herein.

Respondent's motion to dismiss the libel is granted.

Settle order on notice.

---

* It appears that the M/S WURTTEMBERG does not call at the port of New York; that all of its crew reside in Germany; that the repairs to the vessel following the storm were made in Hamburg; and that the surveys of the damaged cargo were made in Rotterdam, Wuerzburg and Bremen.