UNITED STATES of America, for the Use and Benefit of M. G. M. CONSTRUCTION CO., a corporation, and A. M. Van Valkenburg & Co., a corporation, Plaintiff,

v.

AETNA CASUALTY AND SURETY CO., a corporation, Paul Hardeman, Inc., a corporation, and Does One through Five, Inclusive, Defendants.

Civ. No. 9022.

United States District Court
N. D. California, N. D.

May 5, 1965.

Schwartz & Sandler, Los Angeles, Cal., for defendants.

Tinning & DeLap, Martinez, Cal., for plaintiff.

MacBRIDE, District Judge.

This is an action brought by the United States for the use of plaintiffs, M.G.M. Construction Co., a corporation, and A. M. Van Valkenburg & Co., a corporation, against defendants, Paul Hardeman, Inc., a corporation, and Aetna Casualty and Surety Co., a corporation, for work performed to complete a NASA project for the United States. The action has been instituted under the provisions of Title 40 U.S.C.A. § 270a et seq.

The defendants have filed a motion to dismiss the case for improper venue under the Federal Rules of Civil Procedure, Rule 12(b) (3). They have also filed motions to transfer the case to the United States District Court for the Southern District of California, Central Division, pursuant to either 28 U.S.C.A. § 1406 or 28 U.S.C.A. § 1404.

Title 40 U.S.C.A. § 270b(b) provides in part as follows:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed *and not elsewhere* * * *" [Emphasis added].

It is conceded that this Court is the proper place of trial under the statute as set out above. The defendants' claim that the present venue is improper is based on a clause in the contract between the defendant, Hardeman, and the plaintiffs, as follows:

"and if any and all administrative remedies available to either the contractor or the subcontractor have been exhausted, the subcontractor may then pursue any remedy or right it may have in law or equity in the courts of the state of California in and for the county of Orange, for the purpose of obtaining a decision resolving such dispute."

The defendants would have us interpret this clause to read that the plaintiffs must pursue all their state guaranteed rights and remedies in the state courts in and for the county of Orange, and all their federally guaranteed rights and remedies in the Federal District Court most proximate to the county of Orange, i. e., the Southern District of California, Central Division.

The defendants contend that certain recent cases (Wm. H. Muller & Co. v. Swedish-American Line, 224 F.2d 806 (2d Cir. 1955); Takemura & Company v. The S.S. Tsuneshim Maru, 197 F. Supp. 909 (S.D.N.Y.1961); Aetna Insurance Company v. The Satrustegui, 171 F.Supp. 33 (San Juan D. Puerto Rico 1959); Pakhuismeesteren, S.A. v. S/S Goettingen, 225 F.Supp. 888 (S.D.N.Y. 1963)) stand for the proposition that federal law will enforce contractual limitations on venue where the specific contractual limitations are reasonable.[1] The established rule is to the contrary (Wood & Selick v. Compagnie Generale Transatlantique, 43 F.2d 941 (2d Cir. 1930); 1 Moore's Federal Practice, para. 0.140 [1.-3] (2d ed. 1964); 56 Am.Jur. § 41; 17 C.J.S. Contracts § 229(2); and see cases collected in 56 A.L.R.2d 300), but it need not be considered for the disposition of this matter.

 Further, it should be noted that the clause in question is contained in a standard contract drawn up and printed by the defendant, Hardeman. Any ambiguity should, therefore, be construed against him. Distillers Distributing Corporation v. J. C. Millett Co., 310 F.2d 162 (9th Cir. 1962). A reasonable interpretation of this clause might be that it was designed to oust the federal courts of their jurisdiction in this matter.[2] The general rule is that this may not be done (United Fuel Gas Co. v. Columbian Fuel Corporation, 165 F.2d 746 (4th Cir. 1948); Carbon Black Export v. The SS Monrosa, 254 F.2d 297 (5th Cir. 1958); United States v. Leahy, 148 F.2d 462 (3rd Cir. 1945); Langevin v. United States, 100 Ct.Cl. 15 (1943); Restatement of Contracts § 558; 17 C.J.S. Contracts § 229(1); 14 Am.Jur. § 196),

but here again the Court elects not to base its decision on this rule.

Generally, venue provisions relate to the convenience of the litigants (Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939)), and undoubtedly this is the consideration which has given rise to the new cases cited by the defendant for the proposition that reasonable contractual provisions in this regard will be upheld. It is the opinion of at least two United States Supreme Court Justices that the venue statute here in question (40 U.S.C.A. § 270b(b)) was designed for the benefit of the plaintiffs (see the concurring opinion in Moseley v. Electronic & Missile Facilities, 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963)), and it is suggested by them that the plaintiffs should not be able to bargain this protection away. This argument is especially strong in this case where we encounter a so-called "contract of adhesion." See Kessler, Contracts of Adhesion—Some Thoughts About Freedom of Contract, 43 Col.L.Rev. 629 (1943).

 If the statutory provision (40 U.S.C.A. § 270b(b)) had only set forth a proper venue for this action and omitted the direction "and not elsewhere" this Court might be more susceptible to a contractual argument. As it stands, the venue provision in the contract is in direct contradiction to a legislative fiat and is, therefore, void. Kaiser-Frazer Corp. v. Otis & Co., 195 F.2d 838 (2d Cir. 1952); United States v. Murtaugh, 190 F.2d 407 (4th Cir. 1951); Doyle v. Division No. 1127, Etc., 76 F.Supp. 655 (W.D.La.1947); Bradley v. American Radiator & Standard San. Corp., 6 F.R.D. 37 (S.D.N.Y.1946); 17 C.J.S. Contracts § 201; Restatement of Contracts § 580.

1. We deem this interpretation questionable. See 48 Calif.L.Rev. 438 (1960).

2. Although the federal courts have exclusive jurisdiction under the Miller Act (Blanchard v. Terry & Wright, Inc., 331 F.2d 467 (6th Cir. 1964)), if plaintiffs had elected to sue directly on the subcontract and not on the bond or against the surety they might do so in a state court. Voelz v. Milgram Contracting Co., 272 Wis. 366, 75 N.W.2d 305 (1956).

■■ Having decided that the venue provision of the contract is of no effect, the remaining problem is of no magnitude. The defendants have not met the burden which is upon them to show facts which would defeat the venue of this Court. This is required in order to prevail under Rule 12(b) (3) of the Federal Rules of Civil Procedure. United States v. Orshek, 164 F.2d 741 (8th Cir. 1947). Nor have the defendants established that the venue has been improperly laid as is necessary prior to obtaining a transfer under Title 28 U.S.C.A. § 1406(a). Schiller v. Mit-Clip Co., Inc., 180 F.2d 654 (2d Cir. 1950).

■ Finally, it is obvious that no transfer can be made under Title 28 U.S.C.A. § 1404(a). Ours is the only district in which the suit "might have been brought" under the rule of Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

See also D.C., 238 F.Supp. 580.

It is, therefore, ordered that the defendants' motion to dismiss be, and the same is hereby, denied.

It is further ordered that defendants' motion to transfer pursuant to either Title 28 U.S.C.A. § 1406(a) or Title 28 U.S.C.A. § 1404(a) be, and the same is hereby, denied.