Oscar **HERNANDEZ**, Libellant,

v.

**KONINKLIJKE NEDERLANDSCHE STOOMBOOT MAATSCHAPPIJ N.V., and S.S. HECUBA, her engines, boilers, etc., Respondents.**

**64 Ad. 511.**

United States District Court
S. D. New York.

Nov. 23, 1965.

See also D.C., 252 F.Supp. 652.

Poles Tublin & Patestides, New York City, for libellant.

Burlingham, Underwood, Barron, Wright & White, New York City, for respondent.

CANNELLA, District Judge.

Motion for reargument by the libellant, pursuant to Rule 9(m) of the General Rules for the Southern District of New York, is granted. The court has examined the grounds asserted by the movant to have been allegedly overlooked by the court in reaching its determination, but finds them without merit. The court adheres to its original decision. However, an issue as to the damage limitation contained in the contract of carriage between the parties, raised improperly now for the first time, indicates that the original decision of this court conditionally declining jurisdiction should be stayed. The libellant has fifteen (15) days from the filing of this memorandum to move for an order vacating the original decision of this court, thereby causing jurisdiction to be retained in this district.

The underlying dispute in this case involves an action for cargo damage. The libellant, a Costa Rican resident, seeks to recover for alleged damage to seven packages, said to contain his personal effects, which were shipped from San Juan,

Puerto Rico to Puerto Limon, Costa Rica. The cargo was transported on board the S.S. Hecuba, a ship owned and operated by the respondent. The respondent is, and was at the time in question, a corporation of the Netherlands, with its principal office located in Amsterdam. The bill of lading under which the cargo was shipped provided in pertinent part: "Jurisdiction. All actions under the present contract shall be brought before the Court in Amsterdam."

The respondent moved on the basis of the foregoing contract clause for an order dismissing the libel. The libellant maintained that the provisions in clauses 2 and 3 which provided, in effect, that jurisdiction was vested in an Amsterdam court and Netherlands law was controlling, were necessarily void. Since this position is clearly not the law, Wm. H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806 (2d Cir. 1955); Pakhuismeesteren, S.A. v. S.S. Goettingen, 225 F.Supp. 888 (S.D.N.Y.1963); Takemura & Co. v. S.S. Tsuneshima Maru, 197 F.Supp. 909 (S.D.N.Y.1961), the respondent's motion was granted upon certain conditions which are set forth in the original opinion.

The purpose of a motion for reargument is to apprise the court of any decision or fact that it overlooked in rendering its decision on the issues presented by the parties. The question of the amount and validity of the damage limitation was not originally before this court and thus may not be resolved at this time. The respondent could legitimately expect that the court would not entertain previously unpresented arguments in deciding the motion for reargument. Without passing any judgment on the merits of the new claim, it would appear that it is not frivolous. Otis McAllister & Co. v. Skibs, 260 F.2d 181 (9th Cir. 1958); General Motors Overseas Operation v. S.S. Goettingen, D.C., 225 F.Supp. 902 (1964). See also discussion of 46 U.S.C. § 1303(8) relative to transportation expenses in Wm. H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806, 807 (2d Cir. 1955). If the libellant intends to pursue the matter further, the respondent must be afforded a full opportunity to answer the argument.

So ordered.