**GENERAL ELECTRIC COMPANY,**
**Plaintiff,**

v.

**CITY OF TACOMA, Defendant.**

**No. 3347.**

United States District Court
W. D. Washington, S. D.

Jan. 17, 1966.

---

McColloch, Dezendorf & Spears and James C. Dezendorf, Portland, Or., and Bogle, Gates, Dobrin, Wakefield & Long, and Robert W. Graham, Seattle, Wash., for plaintiffs.

Marshall McCormick, Argal D. Oberquell, William H. Rubidge and Paul J. Nolan, Tacoma, Wash., for defendant.

BOLDT, District Judge.

The questions presented on the motion to dismiss are whether the contract pro-vision providing that litigation shall be in the particularly designated state court is illegal; and, if not, whether the pro-vision is applicable to the issues pre-sented in this case.[1]

On the record made to this time, name-ly, without responsive pleading to the complaint and only upon motion to dis-miss with affidavits submitted in con-nection therewith, in my opinion it can-not be determined whether or not the con-tract provision in question is or will be applicable to issues of fact or law that may be controverted.

This appears to be a case of first im-pression in the Ninth Circuit as to le-gality of a contract provision of the kind in question. Counsel have not cited, and no decision in this circuit has been found, of either district or circuit court, which is directly or indirectly applicable. A majority of the decisions, primarily earlier or older cases, hold that such a contract provision is illegal and, there-fore, unenforceable. A respectable mi-nority of the decisions, all relatively re-cent, hold that such a provision is not il-legal and is enforceable if just and rea-sonable. The principal, or at least one of the principal, decisions to that effect is in the Second Circuit case, Wm. H. Muller v. Swedish and American Lines, 224 F.2d 806, cert. den. 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793.[2]

In my opinion the better rule is that adopted and followed by the Second Cir-cuit and by the other courts holding to the same effect. The provision in the particular contract in this case is reason-able under all of the circumstances so far disclosed. For these reasons, in so far

---

1. The contract provides: "2.32 *LITIGA-TION*. In the event that any litigation should arise concerning the construction or interpretation of any of the terms of this contract, the venue of such action or litigation shall be in the Superior Court of the State of Washington in and for the County of Pierce."

2. Contract provisions held illegal: Green-berg v. Panama Transp., D.C., 185 F.Supp. 320; The Ciano, D.C., 58 F.Supp. 261; Clark v. Lowden, D.C., 48 F.Supp. 261; United Fuel Gas Co. v. Columbian Fuel, 4 Cir., 165 F.2d 746; Mutual Re-serve Fund Life Ass'n v. Cleveland Wool-en Mills, 6 Cir., 82 F. 508; Home Ins. Co. of New York v. Morse, 20 Wall. 445, 22 L.Ed. 365.

Contract provisions held legal if rea-sonable: Chemical Carriers v. L. Smit & Co.'s Internationale Sleepdienst, D.C., 154 F.Supp. 886; Mittenthal v. Mascag-ni, 183 Mass. 19, 66 N.E. 425; So-ciedade Brasileira etc. v. Punta Del Eate, D.C., 135 F.Supp. 394; Cerro De Pasco Copper Corp. v. Knutsen, 2 Cir., 187 F. 2d 990; Murillo, Ltda. v. Bio Bio, D.C., 127 F.Supp. 13; 2 Cir., 227 F.2d 519.

as legality of the contract provision is concerned, the motion to dismiss is well taken.

As above stated, applicability of the contract provision in this particular case cannot be determined at this time. Therefore, when the pleadings have been completed and sufficient discovery has been had to show, either one way or the other, whether the contract provision is applicable to issues in the case, counsel may renew their contentions in that respect. If the contract provision is found applicable to issues presented in the case, the motion to dismiss will be granted; if not, the motion will be denied.