OTIS McALLISTER & CO., a corporation, Appellant,

v.

SKIBS, a/s MARIE BAKKE, Appellee.

No. 15940.

United States Court of Appeals
Ninth Circuit.

Oct. 10, 1958.

Derby, Cook, Quinby & Tweedt, Carter Quinby, Lloyd M. Tweedt, San Francisco, Cal., for appellant.

Lillick, Geary, Wheat, Adams & Charles, Harry L. Haehl, Jr., George W. Hellyer, Jr., San Francisco, Cal., for appellee.

Before STEPHENS, Chief Judge, and DENMAN Senior Circuit Judge and BARNES, Circuit Judge.

DENMAN, Senior Circuit Judge.

Appellant, an importer of coffee from Callao, Peru, to San Francisco, hereafter Importer, appeals from a decision holding valid an invoice valuation provision in the bill of lading for coffee carried in the Motorship Marie Bakke. It is agreed that the amount recoverable for appellee's admitted negligence in the carriage of the coffee, causing a loss of part of it and injuring some of it, would be lessened under this provision by $3,555.83 below that recoverable if the damage were based on the value on arrival at San Francisco.

The pertinent part of the bill of lading proviso so held valid, reads:

"With respect to goods of an actual value not exceeding $500 lawful money of the United States per package * * * it is agreed that * * * shall be an amount equal to the shipper's *invoice* value * * * plus * * * freight, insurance and duties * * * irrespective of whether any other value is greater or less, and in case of loss of, or damage to, or in connection with such goods, the Carrier's liability, if any, shall be determined on the basis of such 'agreed value' * * * and pro rata in case of partial loss or damage * * *" [Emphasis added.]

The importer contends, and we agree, that this provision of the bill of lading lessening the liability for negligence below that based on destination value is "null and void and of no effect" under Section 3(8) of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(8), hereafter Cogsa, providing:

"(8) Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, *or lessening such liability otherwise than as provided in this chapter*, shall be null and void and of no effect. A benefit of insurance in favor of the carrier, or similar clause, shall be deemed to be a clause relieving the carrier from liability." [Emphasis added.]

The only lessening of liability provided in that act is that in its section 4(5) to an amount not exceeding $500 per package. That section provides:

"(5) Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods.

not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

"By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed: *Provided,* That such maximum shall not be less than the figure above named. In no event shall the carrier be liable for more than the amount of damage actually sustained."

Here there was no declaration of a higher value in the bill and no agreement about another greater maximum amount.

In the admiralty proceeding of the American Trading Co. v. Steamship Harry Culbreath, 1952 A.M.C. 1170 the United States District Court for the Southern District of New York reached a similar conclusion as to an identical clause, confirming an excellent opinion of the Commissioner which summarized the prior decisions, including its prior decision in E. S. Ullmann-Allied Co. v. The George E. Pickett, D.C., 77 F.Supp. 988, 1948 A.M.C. 453.

What Cogsa does is restore the basis of recovery for the usual carriage of goods to the value at the point of destination as it was at common law and in admiralty before the Harter Act, 46 U.S.C.A. § 190 et seq. St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral, etc., 263 U.S. 119, 125, 44 S.Ct. 30, 68 L.Ed. 201.

Subsequently under the Harter Act the carrier and importer could contract for an "agreed value" of the cargo carried which might lessen the carrier's liability below that based upon value at destination. The Ferncliff, D.C., 22 F.Supp. 728, affirmed by the Supreme Court, Smith v. The Ferncliff, 1939, 306 U.S. 444, at page 449, 59 S.Ct. 615, at page 617, 83 L.Ed.

862, which endorses the reasoning of the District Court that,

"In operation the clause only eliminates prospective profit, and limits the damage to the owner's actual loss in the transaction. It may even operate to his advantage if the market value at destination is less than the invoice value * * * the [invoice value] clause as here worded is not against public policy and should be given effect."

However, Cogsa had become effective in the United States on April 16, 1936, after performance of the contract to carry Smith's goods by the Ferncliff, and the court, referring to its holding of the *then* validity of the Ferncliff's valuation clause, significantly states at page 450 of 306 U.S., at page 617 of 59 S.Ct.:

"The particular question [of invoice value] is not likely to again arise as the subject is now regulated by the Carriage of Goods by Sea Act, § 4(5), 46 U.S.C.A. § 1304(5)."

Three years after the Harry Culbreath decision, the same rule was announced by the Exchequer Court of Canada in a case arising under the English Carriage of Goods by Sea Act 1924. Nabob Foods Ltd. v. Cape Corso (owners), 1954 Lloyd's Law List Reports, Vol. II, p. 40. The case is persuasive authority since the pertinent parts of the English and American statutes are identical, both having been derived from the Brussels Convention of 1924. In addition, the Canadian Court reached its decision largely on the basis of American cases construing Cogsa, there being no English or Canadian cases in point.

The valuation clause under discussion provided, like appellee's clause herein, that the value of cargo

"shall for the purpose of avoiding uncertainties and difficulties in fixing value be deemed to be the *invoice value,* plus freight and insurance if paid, irrespective of whether any other value is greater or less. * * *" [Emphasis added.]

In issue was the validity of the foregoing clause under the English Act which provides, like our own, that

"8. Any clause, covenant or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with goods arising from negligence, fault or failure in the duties and obligations provided in this article or lessening such liability otherwise than as provided in these Rules shall be null and void and of no effect." 1954 Lloyd's Law List Reports, Vol. II, p. 41.

After quoting from the Harter Act the Canadian Court distinguished the cases decided thereunder and held:

"But all that aside and apart from authority, looking at Clause 9 of our Bill of Lading, I find it impossible to say that this clause is not directed to liability; and, moreover, is not a clause that in this particular case lessens liability. As I have pointed out, except under special agreement, liability is for the arrived sound market value. It may be, though, I need not decide the point, that if this Bill of Lading declared that the arrived sound market value was to be taken at £900, that would govern, even though I might conclude that the real market value was £1000. However, this Clause 9 does not say anything like that. It purports to substitute for the arrived market value something entirely different; in other words, an entirely new measure of damages for the common law measure. In this case that measure lessens the carrier's liability, and so in my view the clause cannot be given effect to."

◼ There is no merit in the carrier's contention that the "lessening" of liability for negligence provision of Cogsa, § 3(8) is the same as the provisions of Section 1 of the Harter Act that carriers may not make any agreement whereby "they shall be relieved from liability for loss or damage arising from negligence"

and that because an invoice valuation is valid in determining loss under the Harter Act it is hence valid under Cogsa. What the Harter Act was concerned with was the "obligation" of the carrier to handle the cargo safely as provided in Section 191, under which bills of lading could not have clauses,

"* * * whereby the obligations of the master, officers, agents, or servants to carefully handle and stow her cargo and to care for and properly deliver same, shall in any wise be lessened, weakened, or avoided."

What Cogsa is additionally concerned with is the *liability for* damages which arises after the *obligation* to carry safely is breached.

The Supreme Court has held similarly as to railway bills of lading having provision for a valuation at the place of shipment, after the Cummins Amendment of March 4, 1915, providing that the carriers affected by the act:

"* * * shall issue a bill of lading and shall be liable to the lawful holder of it 'for any loss, damage, or injury to such property * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier * * * from the liability hereby imposed' and further that the carrier 'shall be liable * * * for the full actual loss, damage, or injury * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading * * *'" Chicago, M. & St. P. Ry. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 99, 40 S.Ct. 504, 64 L.Ed. 801.

The bill of lading provision was that "the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including freight charges, if paid." The District

Court held that the phrase "liable * * * for the full actual loss, damage or injury" meant the liability as at common law based on the value at destination and held the value at place of shipment clause was invalid. McCaull-Dinsmore Co. v. Chicago, M. & St. P. Ry. Co., D.C., 252 F. 664, 666. The judgment was affirmed by the Court of Appeals in 8 Cir., 260 F. 835 and by the Supreme Court in 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801.

The judgment is reversed.