## GALBAN LOBO TRADING CO. S/A v. THE DIPONEGORO et al.

United States District Court,
S. D. New York.

June 26, 1952.

See also D.C., 103 F.Supp. 452.

Bigham, Englar, Jones & Houston, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for respondent.

NOONAN, District Judge.

This is a motion by respondent requesting the court, in its discretion, to decline to take or retain jurisdiction.

In this action, libelant is a Cuban corporation. Respondent is an Indonesian corporation, which owned and operated the S. S. Diponegoro, a vessel of Indonesian registry flying the flag of the Indonesian Republic.

Libelant sues to recover for loss and damage to a cargo of sugar under a Charter Party entered into between the parties for the transportation of the sugar between Havana, Cuba, and a port in Israel.

In August 1951, 63,504 bags of sugar were loaded on board the "Diponegoro" in

742

Havana. The vessel did not sail at that time because of the necessity for certain repairs. The libel alleges that while such repairs were being effected, water leaked into the holds where the sugar was stowed, and thereby damaged the cargo. The vessel sailed from Havana on October 29, 1951. However, it was necessary for the vessel to put in at Marseille, France, to effect further repairs. The cargo was there discharged, and loaded on two other vessels for forwarding to Israel. One of such vessels made prompt delivery of 39,000 bags at Haifa, but the other vessel, for reasons not known to the court, discharged the cargo at Marseille, where it remained at the time that this motion was made.

It is to be noted here that there is a provision in the Charter Party that any dispute arising under this Charter was to be settled by arbitration, which was to take place in New York. Thus when the "Diponegoro" was still in Marseille, libelant sought to invoke the jurisdiction of the French courts but was advised by counsel that because of the arbitration clause in the Charter Party, French courts had no power to proceed and hear the merits of the cause. However, French jurisdiction could be invoked in a limited sense to effect conservatory measures as security for action taken in New York. Thus, respondent has by order of the French court deposited therein the sum of 17,500,000. French francs (or about $48,750) as security.

■ It is clear that in a suit in Admiralty between foreigners, it is ordinarily within the discretion of the District Court to refuse to retain jurisdiction. Charter Shipping Co. v. Bowring, Jones & Tidy, Ltd., 281 U.S. 515, 517, 50 S.Ct. 400, 74 L. Ed. 1008. A court will not take cognizance of the case if justice would be as well served by remitting the parties to the home forum. Langnes v. Green, 282 U.S. 531, 544, 51 S.Ct. 243, 75 L.Ed. 520. Or as the Court observed in United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392:

"Its jurisdiction depends upon whether its exercise is essential to justice; whether the libellant is driven to seek it in order to secure any adequate redress at all."

Clearly, this is an inconvenient forum. All witnesses are in Havana, Marseille and Israel, save the ship's witnesses. As to the last named, there is little likelihood of their being within this jurisdiction as the vessel does not trade in the United States. The contract of carriage was to be performed outside of the United States. The facts that the contract was executed in New York, and that the Bill of Lading incorporates the provisions of the Carriage of Goods by Sea Act of the United States, 46 U.S.C.A. § 1300 et seq., are not determinative here. As to the Arbitration clause, both parties either by their conduct or by an expressed offer agree to waive arbitration. Cf. Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co., 7 Cir., 128 F.2d 411.

Nevertheless, it is to be admitted that in any forum, there will be attendant inconveniences.

Prior to the granting of the relief sought here, the court must consider the question of an alternative forum, i. e., can the libelant elsewhere secure redress.

Libelant states and it is uncontroverted that in Cuba there is no assurance of jurisdiction over the person of the respondent, nor are assets there available for satisfaction of a judgment. Indonesia is far removed from all sources of proof save the testimony of the ship's witnesses. However, since these witnesses are employees of respondent, their testimony would be available to the respondent in any event.

Both parties have indicated that as regards witnesses and other sources of proof, Marseille would be a more convenient forum. Admittedly, libelant has been advised by French counsel that the arbitration clause in the Charter would be an impediment to a trial on the merits in the French courts. Respondent disputes this conclusion. However, in any event, a waiver of arbitration would remove any impediment, if such there be.

Thus, it is the conclusion of this court that jurisdiction be declined in the exercise of the court's discretion, but the dismissal is conditioned, and the decree shall so provide: (1) that respondent shall appear and file additional security (in the amount filed in this court) in any action which might be instituted by the libelant in the courts of France within ninety days from the date of this memorandum. Cf. Canada Malting Co. v. Paterson S. S., 285 U.S. 413, 424, 52 S.Ct. 413, 76 L.Ed. 837; (2) that, in the event the French Court should decline to hear and determine the cause, then the parties may return to this court for such further relief as this court may direct.