**POUTOS**

v.

**MENE GRANDE OIL CO.**

United States District Court,
S. D. New York.
April 22, 1954.

Lebovici & Safir, New York City, Herbert Lebovici, New York City, for libellant.

Ralph W. Dorins & Frederick L. Scofield, New York City, for respondent.

BONDY, District Judge.

This is an application for an order that the libel be dismissed on the ground that this is an inconvenient forum. The action was brought to recover damages which the libellant claims he is entitled to recover under the laws of Venezuela by reason of his discharge by the respondent because of illness during his service as a marine engineer for the respondent aboard its vessels. The contract of his employment was made in Venezuela, and his work was performed on ships, owned by the respondent flying the flag of Venezuela, in Venezuelan waters. It is conceded that the liability of the respondent depends entirely upon the laws of Venezuela. Libellant is a Greek seaman now living in Greece and respondent is a Delaware corporation carrying on all its activities and business in Venezuela.

"* * * courts of the United States should not assume jurisdiction of controversies between foreign seamen and foreign ships where our laws are not involved, except in cases where it may be necessary to do so to protect the rights of seamen and see that justice is done". Heros v. Cockinos, 4 Cir., 177 F.2d 570, 572. Cf. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 418, 52 S.Ct. 413, 76 L.Ed. 837.

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055, the Supreme Court discussing the application of the doctrine of *forum non conveniens,* stated that "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. * * * There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

There is no showing that it would be less convenient for the libellant who lives in Greece to bring this action in Venezuela rather than in New York. Moreover,

it appears that all the witnesses, other than the libellant, and all the records are in Venezuela.

The libel accordingly is dismissed on the ground of *forum non conveniens*. See De Sairigne v. Gould, D.C., 83 F. Supp. 270, 272, affirmed, 2 Cir., 177 F.2d 515, certiorari denied 339 U.S. 912, 70 S. Ct. 571, 94 L.Ed. 1338; Cf. Welch v. Esso Shipping Co., D.C., 112 F.Supp. 611; Galban Lobo Trading Co. S./A. v. The Diponegoro, D.C., 108 F.Supp. 741, 742; Giles v. Western Airlines, D.C., 73 F. Supp. 616, 617.