269

Loucas **KERAMIOTIS**, Libelant,

v.

**BASILIA COMPANIA MARITIMA, S.A.**
**and THE SS EURYTAN,** her engines,
tackle, boiler, appurtenances, etc., Re-
spondents.

United States District Court
S. D. New York.
April 13, 1959.

Lebovici & Safir, New York City, for
libellant.

Giallorenzi & Cichanowicz, New York
City, for respondents appearing specially.

CASHIN, District Judge.

In this action libelant, a Greek citizen
who signed aboard a Liberian vessel
owned by the respondent, a Panamanian
corporation, in Japan, seeks to recover
damages for an allegedly unlawful dis-
charge occurring in Antwerp, Belgium.
The Liberian Consul in New York has
certified that he will take jurisdiction of
the controversy. See Convention Be-
tween The United States of America and
The Republic Of Liberia, 54 Stat. 1751.

■■ There seems no doubt but that
the law of Liberia is controlling here
rather than the General Maritime Law of
the United States (Koziol v. S. S. Fylgia,
D.C.S.D.N.Y.1953 A.M.C. 220; McQuade
v. Compania De Vapores San Antonio,
S. A., D.C.S.D.N.Y.1955, 131 F.Supp.
365; Poutos v. Mene Grande Oil Co.,
D.C.S.D.N.Y.1954, 123 F.Supp. 577).
Under the facts of this case, where no
connection whatsoever has been shown
between the claim sued upon and the
forum, I feel constrained to decline ju-
risdiction under the principles enunciated
in the cases cited above.

Proctors for libelant have, on the oral
argument, asked leave to file an amended
libel setting forth the Liberian law which
they claim will demonstrate that this
court should retain jurisdiction. The
law which they wish to plead has been
set out in an unsworn "Supplemental Af-
fidavit". Nothing which libelant intends
to plead in his amended libel could alter
my decision. Accordingly, the libel is dis-
missed without leave to plead over. Be-
cause of this holding it is not necessary
to determine whether service of the cita-
tion should be quashed, or whether libel-
ant should be given leave to amend his
libel.

Settle decree.