**IBERIAN TANKERS COMPANY,**
**Plaintiff,**

v.

**TERMINALES MARACAIBO, C.A.,**
**Defendant.**

**No. 70 Civil 3337.**

United States District Court,
S. D. New York.

Jan. 27, 1971.

ance of a maritime attachment, and attached defendant's bank account in this district to the extent of $107,475.05.[1] Plaintiff's complaint alleges the damages to the s/s Wapello were caused by the defendant's sole negligence in the operation of the towing tugs. The towage agreement provided that defendant shall not be liable "for any loss, damage or delay of whatsoever nature * * * unless resulting from negligence * * *." The agreement also provided that should any dispute arise in connection with its interpretation and fulfillment, it "shall be decided by arbitration in the city of New York * * *."

The plaintiff moved pursuant to section 8 of the Arbitration Act[2] for an order directing the parties to arbitrate pursuant to the terms of the agreement; thereafter, the defendant cross-moved to dismiss the action upon the ground of forum non conveniens.

The facts in this case compellingly favor that the court exercise its discretion to decline jurisdiction under the doctrine of forum non conveniens. No single factor within this district justifies the retention of the case here; to the contrary, the facts overwhelmingly warrant granting the defendant's motion, particularly in view of its consent with respect to the attached funds.[3]

Plaintiff is a corporation organized under the laws of the Republic of Liberia; it has its principal place of business in Hamilton, Bermuda; its vessel, the s/s Wapello, is of Panamanian registry. The defendant is a Venezuelan corporation with its principal offices in Maracaibo and Caracas, Venezuela, and provides towage services in Venezuelan and adjacent waters. It has no office or place of business in New York, nor does it do business in the United States. Its three tugs,[4] which were engaged in the

Thomas J. Reddington, Thacher W. White, New York City, for plaintiff; Thacher W. White, New York City, of counsel.

Burlingham, Underwood, Wright, White & Lord, New York City, for defendant; Kenneth H. Volk, Michael Marks Cohen, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff, Iberian Tankers Company, the owner of the s/s Wapello, and the defendant, Terminales Maracaibo, C. A., entered into a contract at Maracaibo, Venezuela, for the towage of the s/s Wapello from Maracaibo, Venezuela, to Curaçao, Netherlands Antilles. Two tugs of the defendant, the Cardon and the Rosa F., were engaged in the operation when a collision occurred between the s/s Wapello and an anchored vessel, the Esso Aruba. The two colliding vessels were damaged, as was the tug Rosa F.

Plaintiff commenced this action to recover damages to its vessel by the issu-

1. Rule B, Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

2. 9 U.S.C. § 8.

3. *See* note 7 *infra.*

4. The third was the tug Selma, but this tug does not appear to have been directly involved in the collision. The Selma left the flotilla after it had cleared the Maracaibo ship canal.

towing operation, are of Venezuelan registry. The towage charter was negotiated and entered into at Maracaibo, Venezuela. Prior to the departure of the flotilla, inspection of several of the vessels involved in the accident, discussion of the details of the towage and the implementation of the communications system during the tow, in all of which representatives of plaintiff and defendant participated, took place at Maracaibo. The collision occurred eight miles off the Venezuelan coast between that coast and the island of Aruba. The Esso Aruba, one of the vessels damaged by the collision, is of Panamanian registry. Defendant asserts that it intends to sue plaintiff in the Venezuelan courts upon its claim for damages to its tug, the Rosa F. All hands of the three tugs are likely witnesses, as are the surveyors who made inspections of one or more vessels; all are residents of Venezuela, and all records pertaining to the tugs are located there.

Finally, there appear to be disputed issues of Venezuelan law relating to the arbitration clause. The towage agreement expressly provides that it "shall be construed and its performance shall be determined in accordance with the laws of Venezuela." The defendant contends, with some support from a Venezuelan law expert, that under Venezuelan law the arbitration provision is in effect an "agreement to arbitrate" in the future, which, prior to submission to arbitration, is unenforceable, and simultaneously the defendant asserts its claimed right to disavow the arbitration clause. In addition, the defendant contends that a negligence claim does not come within the scope of the arbitration clause, which refers only to any dispute as to its "interpretation and fulfillment."

The fact that the parties agreed New York was to be the site of arbitration does not foreclose this court from exercising its discretion to decline jurisdiction,[5] particularly in the light of so many countervailing factors which warrant application of the doctrine of forum non conveniens.[6]

The motion to dismiss upon the ground of forum non conveniens is granted, conditioned, however, upon the defendant appearing in any action brought by the plaintiff in Venezuela, and further that the defendant post acceptable security in the sum of $107,-475.05, the amount of its funds attached in this district,[7] but without prejudice to any and all rights and defenses defendant may have in said Venezuelan suit.[8] In the event the defendant fails to appear in any action commenced by plaintiff in Venezuela to recover upon its present claim and to post the security in the amount specified, the motion is denied.

---

5. *Cf.* Galban Lobo Trading Co. S/A v. The Diponegoro, 108 F.Supp. 741 (S.D. N.Y.1952).

6. *Cf.* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837 (1932); Noto v. Cia Secula di Armanento, 310 F.Supp. 639, 648–649 (S.D.N.Y.1970).

7. Upon the argument of this motion, the court questioned defendant's counsel as to the attached funds, which was the basis of jurisdiction. Since then, defense counsel has advised the court that should it *condition dismissal upon the availability* of security in Venezuela, that security in the amount of the attached funds would be posted in a suit brought in Venezuela.

8. *Cf.* Canada Malting Co. v. Paterson Co., 285 U.S. 413, 424 (1932).