**ESSO TRANSPORT COMPANY, INC.,**
**Plaintiff,**

v.

**TERMINALES MARACAIBO, C. A.,**
**Defendant.**

No. 72 Civ. 3121.

United States District Court,
S. D. New York.

Dec. 19, 1972.

Kirlin, Campbell & Keating, New York City (Ralph C. Kreimer, New York City, of counsel), for plaintiff.

Burlingham, Underwood & Lord, New York City (Michael Marks Cohen, New York City, of counsel), for defendant.

WARD, District Judge.

This is a motion by the defendant to dismiss the complaint on the ground of *forum non conveniens.* Jurisdiction over the subject matter is based on 28 U.S.C. Section 1333. Jurisdiction over the defendant was obtained by Maritime Attachment Process issued against defendant's bank account in New York City. For the reasons hereinafter stated, the motion is denied.

This action arises out of a collision involving the S.T. Esso Aruba *owned pro hac vice* by the plaintiff, Esso Transport Company, Inc., and the S.S. Wapello. At the time of the incident, the Wapello was being towed by two tugs owned and operated by the defendant, Terminales Maracaibo, C.A. The collision occurred approximately eight miles off the Venezuelan coast between that coast and the island of Aruba. The plaintiff alleges that the collision was due to the negligence of the defendant.

The Esso Aruba is of Panamanian registry. Its home port is Panama City, Republic of Panama. As noted above, it is owned *pro hac vice* by the plaintiff Esso Transport Company, Inc., a corporation duly organized and existing under the laws of the Republic of Panama and which apparently does no business in the Southern District of New York. The officers and crew of the Esso Aruba are Italian and apparently reside in Italy. One eyewitness to the collision, a non-crew member who was aboard the Esso Aruba, resides and works within the Southern District of New York.

The defendant, Terminales Maracaibo, C.A., is a corporation existing under and by virtue of the laws of the Republic of Venezuela and has its principal offices in that Country. It does not have a place of business in New York nor does it appear to transact any business in the United States. The tugs owned and operated by Terminales Maracaibo are of Venezuelan registry. All of the defendant's witnesses appear to be residents of Venezuela.

It further appears that all records which may have to be produced are located in either Venezuela or Panama.

The only issue is whether this Court should decline to exercise the jurisdiction, which it concededly has, because it is an inconvenient forum. Although it seems clear that the Southern District of New York has only the most minimal contacts with this case, the Court feels constrained to retain jurisdiction in the interest of justice. There evidently is no more convenient forum in which this case can be heard on its merits. It appears that this action is time-barred in both Venezuela and Panama. There is some evidence that the Venezuelan statute of limitations cannot be waived as a matter of public policy. Although the Panamanian statute of limitations can apparently be waived, the defendant indicated at a hearing on this motion that it would be unwilling to do so.

Under these circumstances, a dismissal of this case on the ground of *forum non conveniens* would deny the plaintiff its day in court. The Restatement of the Law (Second), Conflict of Laws, speaks directly to this point at Section 84(c) (2):

> [T]he suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be

subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state.

The defendant raises the point that a related case, Iberian Tankers Co. v. Terminales Maracaibo, 322 F.Supp. 73 (S.D.N.Y.1971), was dismissed on the ground of *forum non conveniens* and is now pending in the Venezuelan courts. However, the statute of limitations issue does not appear to have been raised in this prior case. Furthermore, the Court, per Weinfeld, J., expressly provided that the granting of the motion to dismiss was conditioned upon the defendant's appearing in any action brought by the plaintiff in Venezuela. Such an appearance in the instant case would be a mere charade. For the some reason, the fact that there is related litigation pending in the Venezuelan courts is entitled to little weight.

Motion denied. So ordered.