GEMINI CAPITAL GROUP, INC., a California corporation, dba Gemini Tuna Fleet Management Group; Industria De Pesca, N.A., Inc., a California corporation; Robert A. Grant, Plaintiffs–Appellants,

and

John Gois; Joseph F. Gois, Plaintiffs,

v.

YAP FISHING CORPORATION, a foreign corporation; Yap Purse Seiner Corporation, a foreign corporation; Yap Tuna Fishing Corporation, a foreign corporation; Government of Yap, Federated States of Micronesia; Yap Economic Development Authority; Dean Robb; Mike McCoy; Vincent Figir; Petrus Tun; Sebastian Anefal; Tony Ganngiyan; James Gilmar; Barbara Blumel, Defendants–Appellees.

No. 96–15261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1998.

Decided July 20, 1998.

Robert Blair Krueger, Jr., David Wilson, Jason Howard, The Krueger Group, LLP, San Diego, California, for the plaintiffs–appellants.

Sam D. Delich, Conte C. Cicala, Flynn, Delich & Wise, San Francisco, California, for the defendants–appellees.

Before: BROWNING, GOODWIN and SCHROEDER, Circuit Judges.

GOODWIN, Circuit Judge:

Plaintiffs brought this action in the district court against former business associates and governmental agencies in a dispute arising out of an international venture in the tuna industry. The court dismissed the action on grounds of *forum non conveniens,* in favor of the courts of the State of Yap, of the Federated States of Micronesia (FSM). Plaintiffs appeal, contending that the district court erred as a matter of law and abused its discretion in dismissing the action. We affirm.

Plaintiffs, with others interested in the development of a tuna fishery in the Western Pacific, negotiated with various governmental agencies of the State of Yap. In July, 1990, Plaintiffs and Defendants, together with other entities not parties to this litigation, entered into a written statement of intent to form a fishing venture with Gemini Capital Group to manage the venture's fleet of fishing vessels from an office to be established in the State of Yap. In September, 1990, pursuant to the statement of intent, the government of Yap, Plaintiff IDP, a California corporation, and nonparties Kingfisher Holdings, Ltd. and Citipac, formed Yap Fishing Corporation (YFC). The agreement contained choice of law and choice of forum clauses subjecting the agreement to the laws of both the Federated States of Micronesia and the State of Yap, with all parties agreeing to submit to the jurisdiction of the courts of the FSM in any controversy or claim not resolved by arbitration pursuant to Paragraph 10.7.

In 1991 and 1992 YFC negotiated with the Overseas Private Investment Corporation (OPIC), an agency of the United States government, for a Nine Million Dollar loan. The governmental and nongovernmental entities forming YFC contemplated the acquisition of

vessels, including the New Era, then owned by IDP and subject to an option to purchase in favor of the government of Yap. The vessels were to be Micronesia-flagged and homeported in Yap. They were to fish in international waters, and put in at various ports in the Western Pacific, including Guam and American Samoa. Gemini was to manage the fishing vessels under various Vessel Management Agreements (VMAs).

By February, 1995, for reasons that are not in the record on appeal, a series of disagreements between the government of Yap and one or more of the Plaintiffs resulted in the Attorney General of Yap applying to the State Court of Yap for an order of receivership, which was issued by a judge of that court. The order substantially displaced Plaintiffs from any management functions and the receiver proceeded to manage the business of YFC, selling property and paying down debts, pursuant to supplemental court orders. Plaintiffs filed the pending action in the United States District Court for the District of Hawaii shortly after the receivership commenced, and also became defendants in actions commenced in the courts of the FSM and in the United States District Court for the District of Columbia (by OPIC) against some, if not all, of the present Plaintiffs.

The able and experienced district judge to whom this case was assigned has extensive legal and judicial experience in the Pacific Islands and was well aware of the complexities of local and international law that were already involved in the plethora of cases pending before various courts arising out of this ill-fated fishing venture. In dismissing the federal case in Hawaii, as revealed in the comprehensive order entered in this case, the court did not err as a matter of law and clearly acted within its informed judicial discretion.

## I. STANDARD OF REVIEW

■ We review a decision to dismiss on grounds of *forum non conveniens* for abuse of discretion. *See Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 699 (9th Cir.1995). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.* (internal quotation omitted).

## II. DEFERENCE TO CHOICE OF FORUM

Plaintiffs contend the district court erred in (1) according their choice of Hawaii as a forum less deference than that accorded a Hawaii resident suing in his home forum; (2) refusing to accord their forum choice heightened deference because the alternative forum is foreign; and (3) failing to take account of the parties' agreement to arbitrate the VMAs in Hawaii. These arguments lack merit.

■ As the district court noted, none of the Plaintiffs are Hawaii residents. Meanwhile, Defendants Robb and McCoy are Hawaii residents, however McCoy also has a residence in Yap, and both have expressed no objection to Yap and the FSM as the more convenient and less expensive fora. On this basis, the district court correctly acted on Ninth Circuit authority in granting Plaintiffs' choice of Hawaii as a forum less deference. *See Contact Lumber Co. v. P.T. Moges Shipping*, 918 F.2d at 1449 (9th Cir.1990) (referring to "a showing of convenience by a party who has sued in *his home forum*") (emphasis added); *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) (noting that plaintiff's choice of forum "is entitled to only minimal consideration" when "the forum of original selection ... has no particular interest in the parties or subject matter").

■ Plaintiffs maintain that their forum choice is entitled to greater deference because the alternative forum is foreign, citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). This case cannot bear the weight of Plaintiffs' argument, however, since it merely reaffirms the presumption of convenience accorded plaintiffs suing in their home fora—a presumption that, as we have just noted, does not apply here. Nothing in *Piper Aircraft* suggests there is a general presumption for or against foreign fora; rather, Plaintiffs must show that, considering the private and public interests involved, the balance of con-

venience militates against bringing suit in the Yap courts.

Plaintiffs also assert that the district court wrongly underweighed that part of the agreement selecting Hawaii as the place to arbitrate disputes arising out of the VMAs, and thereby failed to assess accurately Plaintiffs' connection to Hawaii. However, a court has the power to dismiss an action on *forum non conveniens* grounds notwithstanding an agreement to arbitrate in the selected forum, "particularly in light of so many countervailing factors which warrant application of the doctrine." *See Iberian Tankers v. Terminales Maracaibo, C.A.,* 322 F.Supp. 73, 75 (S.D.N.Y.1971). And in this case the Yap State Court had already ordered a stay of arbitration. A variety of reasons may favor arbitration in one city, e.g., a good airport; while, at the same time, choice of law and choice of forum agreements may commend themselves to the parties for reasons that have nothing to do with the kind of disputes that lend themselves to arbitration. Thus, the district court did not err as a matter of law or abuse its discretion in failing to accord weight to the fact that disputes arising under the VMAs would be arbitrated in Hawaii.

## III. FORUM NON CONVENIENS

### 1. Adequate Alternative Forum

Plaintiffs contend that the district court erred as a matter of law in determining that Yap, or other FSM courts, provided an adequate forum, because the court failed to engage in a choice of law analysis. According to Plaintiffs, had the district court made such an analysis, it would have been compelled to retain the action on the basis that United States law applies to most of Plaintiffs' claims. This assertion again finds no support in the record, nor is it supported by any authority. The district court indeed engaged in an extensive and careful choice of law analysis, even though Plaintiffs failed to address the extent to which United States law would govern this action.

Unlike *Creative Technology Ltd.,* 61 F.3d at 699–700 and *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 771 (9th Cir.1991), this case does not implicate any United States law which mandates venue in the United States district courts. Consequently, the applicability of United States law to the various causes of action "should ordinarily not be given conclusive or even substantive weight." *Contact Lumber,* 918 F.2d at 1450 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 247, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Further, the fact that Plaintiffs could not assert a RICO cause of action under Yap or FSM law "does not preclude a forum non conveniens dismissal." *Lockman Foundation,* 930 F.2d at 769. Thus, where, as here, "there is no arguably applicable law that would end the *forum non conveniens* inquiry, ... no potentially dispositive choice of law determination need have been made."

*Id.* at 771.

Plaintiffs also contend that the district court abused its discretion in finding that Yap and the FSM have sufficient substantive law to allow Plaintiffs to adjudicate their claim, asserting that Defendants failed to provide the court with primary authority to enable the court to analyze the adequacy of Yap as a forum. This assertion is without merit. Defendants provided the district court with a wealth of primary authority, covering both substantive and procedural law. Moreover, to the degree that Plaintiffs have, for the first time on appeal, asserted that they have evidence of the inadequacy of the legal systems of Yap and the FSM, we decline to consider such evidence. *See Zipfel v. Halliburton,* 832 F.2d 1477, 1484 (9th Cir. 1987) ("normally, we will not permit the record on appeal to be supplemented with evidence not presented to the district court"); Fed. R.App. P. 10(a).[1]

Nor did the district court abuse its discretion in finding that Yap and the FSM would provide adequate fora notwithstanding Plaintiffs' assertions that they have already

---

**1.** Even if we were to consider such evidence, Plaintiffs have not demonstrated its relevance. Plaintiffs have pointed to nothing in the record to indicate that the resolution of the claims in this case depends on fishing rights in Yap, nor have they demonstrated that Yap custom and practice are relevant.

been denied due process by the Yap courts. Plaintiffs claim they were denied due process because the Yap State Court illegally ordered YFC into receivership, made an *ex parte* appointment of a receiver, and ordered termination of four VMAs and the sale of two vessels to pay down the OPIC loan. The district court found, however, that Plaintiffs failed to submit credible evidence to substantiate their allegations, and Plaintiffs on appeal have not shown otherwise. Meanwhile, contrary to Plaintiffs' assertions, Defendants provided evidence that Plaintiffs did receive notice and an opportunity to respond in the Yap receivership action.[2] On this record we cannot conclude the district court abused its discretion in deciding that Plaintiffs have not demonstrated that they would be treated unfairly by the Yap or FSM courts.

## 2. Private Interest Factors

■ Plaintiffs contend that the district court abused its discretion when it overlooked key facts in the record, and thereby improperly weighed the private interest factors. These factors include ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; the possibility of viewing subject premises; and other factors contributing to an expeditious and inexpensive trial. *Creative Technology,* 61 F.3d at 703 (9th Cir.1995).

Plaintiffs contend first that the district court erred, under *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325 (9th Cir.1984), in both overlooking the OPIC loan officers as witnesses and failing to examine the materiality and importance of their testimony. *Gates* held that, rather than focusing on the number of witnesses in each location, the district court "should ... examine[ ] the materiality and importance of the anticipated witnesses' testimony and then determine[ ] their accessibility and convenience to the forum." *Id.* at 1335. According to Plaintiffs, the OPIC loan officers' testimony would be necessary to establish the fraud claim, and these witnesses are located in the United States.

Moreover, Plaintiffs assert the importance of the demeanor testimony of these witnesses.

Plaintiffs' claim that the district court's order "overlooked the OPIC witnesses entirely" is without merit. Noting that the five OPIC loan officers reside in Washington, D.C., the district court found that "[c]onvenience-wise, ... the difference between flying from ... Washington, D.C. to Hawaii and to Yap is not of dispositive significance." Further, the district court examined the materiality and importance of these witnesses' testimony, finding that the witnesses located in Yap and FSM "clearly outweigh, ... in importance ... those [witnesses] specified by Plaintiffs." Plaintiffs provide no evidence whatsoever for their assertion that demeanor testimony of the OPIC loan officers "would only [sic] be available if this suit remains in federal court," and additionally provide nothing beyond bare assertion as to the materiality of the OPIC witnesses' testimony. To the extent that a live witness might be necessary to supplement the voluminous paper record of the OPIC loan agreements and payments, the airlines serving Yap fly both to and from the U.S. mainland. Consequently, there is nothing in the record by which we could find that the district court erred on this account.

■ Second, Plaintiffs assert that the district court abused its discretion in finding that with respect to documentary evidence, convenience clearly favors Yap or other FSM courts, contending that the court ignored the importance of evidence located in Washington, D.C., Hawaii and San Diego. The issue here is not the importance of documentary evidence, however, but its volume, inasmuch as evidence outside the forum would have to be reproduced and transported, and Plaintiffs have admitted before the district court that the files in Yap are "voluminous." Thus, there is nothing to indicate that the district court abused its discretion in analyzing this factor.

Third, Plaintiffs maintain that the district court erroneously failed to evaluate the relative abilities of the parties (and specifically, Plaintiff Robert A. Grant) to conduct litiga-

---

2. Moreover, to the extent there are legal deficiencies in the receivership, Plaintiffs have recourse in FSM's vital and competent appellate system.

tion in a foreign forum, citing *Gates Learjet Corp.*, 743 F.2d at 1333 (contrasting an individual plaintiff with "corporate entities apparently with sufficient resources to [litigate] in either country"). Plaintiffs have provided no specific evidence, however, that Grant lacks the resources to litigate in Yap or the FSM, beyond noting that Grant has filed for bankruptcy. Nor have Plaintiffs provided any evidence of Defendants' relatively superior ability to litigate in Hawaii. Consequently, the district court in no way abused its discretion in failing to consider a matter when the evidence allowing it to do so appears never to have been presented to the court.

Fourth, Plaintiffs argue that the district court abused its discretion in finding that the factor regarding the viewing of the subject premises favors litigating this case in Yap, but Plaintiffs misstate the court's finding on this account. The district court found principally that this factor was irrelevant. For the first time on appeal, Plaintiffs attempt to argue that the OPIC loan transaction should affect a determination of the subject premises, although Plaintiffs fail to denominate a specific location. However, even if the district court's alternative holding that Yap constitutes the subject premises to be viewed lacks basis, such a finding would not impact the ultimate result that the balance of private factors favors litigating this case in Yap.

Finally, Plaintiffs contend that the district court abused its discretion in finding that the existence of two actions against Plaintiffs already being litigated in the FSM and Yap supports dismissal, inasmuch as Plaintiffs had not yet filed a response to these actions, nor has it been determined that Grant would be subject to personal jurisdiction. However, Plaintiffs apparently did not raise the issue of lack of personal jurisdiction in the district court, nor have they presented any evidence to this court that Grant would not be subject to personal jurisdiction in the Yap State Court or other FSM courts. Further, even if the district court could be said to have abused its discretion in taking into account actions in which Plaintiffs have yet to file a response, the district court did not abuse its discretion in concluding that exis-

tence of the receivership proceeding pending in Yap State Court favored dismissal. Not only is the receivership proceeding significant to the analysis of the public interest factors, but it is also relevant to an analysis of the interest in avoiding a multiplicity of actions.

### 3. Public Interest Factors

Plaintiffs assert that the district court erred in weighing the public interest factors. These factors include administrative difficulties flowing from court congestion; imposition of jury duty on the people of a community unrelated to the litigation; the local interest in resolving the controversy at home; the interest in having a diversity case tried in a forum familiar with the law that governs the action; and the avoidance of unnecessary conflicts of law problems. *See Creative Technology*, 61 F.3d at 703–704.

Plaintiffs contend again that the district court erred in failing to engage in a choice of law analysis when analyzing the interest in having the case tried in a forum familiar with the law governing the action. According to Plaintiffs, had the court done so, it would have properly concluded that United States law should govern this dispute, making this factor weigh in favor of Hawaii as the appropriate forum. As discussed above, this contention is without merit.

Second, Plaintiffs contend that the district court erred in failing to weigh the United States' and Hawaii's interest in having this controversy resolved at home. The district court found that Hawaii had no local interest in this dispute while Yap has by far the most interest, public and private, thus the district court did not fail to weigh the interests of the United States and Hawaii. Nor did the district court abuse its discretion in finding that the interests of Yap outweighed any interests of the United States and Hawaii. The district court set forth numerous important interests of Yap in resolving this dispute. Moreover, the district court is itself an island court, and has constant contact with cases originating in the far reaches of the Western Pacific, the China Sea, and the Philippine Sea. No other court in the United States has as much and as

frequent contact with litigation of the type involved in this case. Consequently, the district court is uniquely qualified to weight the respective local interests in this case, and we cannot say that it abused its discretion when it did so.

Third, Plaintiffs contend that the district court erred as a matter of law in finding that the congestion of its own calendar favored dismissal, inasmuch as this circuit has held that "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp.*, 743 F.2d at 1337. Even if the district court should not have considered court congestion in its ruling, however, an erroneous application of that factor in this case would not impact the ultimate result that the balance of public factors favors litigating this case in Yap.

## IV. RETENTION OF CAUSES OF ACTION

For the first time on appeal, Plaintiffs contend that the district court should have at least retained jurisdiction over the tort, contract and RICO causes of action, inasmuch as they are based primarily on the parties' contacts with the United States, and concern agreements to render services exclusively within the U.S. Plaintiffs made no showing in the district court that these causes of action were severable, and made no showing that the *forum non conveniens* analysis ought to apply differently to different causes of action. There is no basis on which we could find that the district court abused its discretion in failing, *sua sponte*, to sever these causes of action and retain jurisdiction over them, if indeed they have any substance.

AFFIRMED.