George COPITAS; Joseph Bert Vargas, Esq., Plaintiffs—Appellants,

v.

FISHING VESSEL ALEXANDROS, Official No. 95013, her engines, nets, furniture, etc., In Rem; Nick Volaris; Sokimona Fishing Pty Ltd., In Personam, Defendants—Appellees.

No. 99–17068.

D.C. No. CV–98–00013–JSU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2001.

Decided Oct. 15, 2001.

Before B. FLETCHER, CANBY and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiffs George Copitas and Joseph Gargas appeal the district court's dismissal of their suit against the Fishing Vessel Alexandros, its corporate owner, and the owner's principal stockholder, on the basis of forum non conveniens. Plaintiffs, alleging that they are sailors seeking to recover wages for working on the vessel, brought their action in the District Court of Guam. The defendant vessel is registered in Papua New Guinea, and its owner is incorporated there. The principal shareholder of the owner is a resident of Australia. Plaintiffs allegedly were hired to commence work in Singapore.

The district court dismissed the suit in favor of the courts of Papua New Guinea (hereafter "PNG"). We conclude that the district court did not abuse its discretion in dismissing the case on the ground of forum non conveniens, and we therefore affirm.

A district court's determination of forum non conveniens will not be reversed absent a clear abuse of discretion. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir.2001). A party moving to dismiss on the ground of forum non conveniens must show: (1) the existence of an adequate alternative forum, *id.*, and (2) that the balance of private and public interest factors favors dismissal. *Id.* at 1145. Here, the district court reasonably concluded that the defendants made both showings, and we therefore find no abuse of discretion in its decision to grant the dismissal.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

A. Adequacy of Alternative Forum

██ "At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum. Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). This threshold test is met here because Defendants have signed a letter indicating that they will submit to *in rem* and *in personam* jurisdiction in Papua New Guinea.[1]

As a consequence, Papua New Guinea could be considered an inadequate forum only if the remedy offered by PNG courts was so clearly unsatisfactory that it amounted to "no remedy at all." *Id.* at 254, 102 S.Ct. 252. Here, Plaintiffs do not contest the district court's representation that "there would probably not be a significant difference in the amount of recovery if the action were heard in PNG." Thus, there is no basis for contending that the PNG forum is inadequate on account of its not providing a remedy.

Plaintiffs nonetheless contend that PNG is an inadequate forum because there is no guarantee that, if PNG were to render a judgment in Plaintiffs' favor, the judgment would actually be paid. We reject this contention because Defendants have issued a letter of guarantee that they will satisfy any judgment awarded to Plaintiffs by a PNG court. *See Contact Lumber Co. v. P.T. Moges Shipping Co.,* 918 F.2d 1446, 1450 (9th Cir.1990).

We are also unpersuaded by Plaintiffs' contention that PNG is not an adequate forum because transfer to PNG could result in their losing a security interest that they purportedly hold in Guam. To the extent that the degree of security is an issue in determining the adequacy of PNG as a forum, we are convinced that the dismissal caused no diminution of security because the vessel had been released by the Guam court prior to the dismissal. The district court indicated in its order that if the conditions of the dismissal were not met, including the provision of effective security, the matter could be reopened in the district court of Guam. In that event, Plaintiffs will be restored to the position they occupied immediately prior to the dismissal.

B. Balancing of Private and Public Interest Factors

1. Private Interest Factors

██ Private interest factors include: the residence of the parties and the witnesses; the forum's convenience to the litigants; access to physical evidence and other sources of proof; whether unwilling witnesses can be compelled to testify; the cost of bringing witnesses to trial; the enforceability of the judgment; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Lueck,* 236 F.3d at 1145 (citations omitted). In the present case, the district court considered all of these factors, and decided that, on balance, these factors weighed in favor of having the case adjudicated in Papua New Guinea. We find no abuse of discretion in this determination. The court reasonably determined that Papua New Guinea was a more convenient forum

---

1. We understand the dismissal to be dependent upon the PNG court actually *accepting* jurisdiction, rather than the Defendants merely submitting to the jurisdiction of PNG. Defendants in their brief have assured us that this is the case. Thus, if the PNG court does not assume jurisdiction over the case for any reason, the Plaintiffs will be free to refile in Guam, because the conditions of the district court's dismissal will not have been satisfied.

to the litigants,[2] and that "most of the key players and information for trial are closer to PNG." These findings, coupled with the fact none of the private interest factors provided a strong reason to keep the case in Guam,[3] convinces us that the district court's balance of the private interest factors was satisfactory.

We acknowledge that the private interest factors here did not overwhelmingly favor dismissal. Plaintiffs' choice of forum, however, is entitled to diminished deference in this case because Plaintiffs are not residents of Guam. *See Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir.1998) (indicating that a plaintiff's choice of forum is entitled to significantly less deference when that forum is not the plaintiff's home forum, even when the plaintiff is from the United States). Thus, the private interest factors did not need to weigh as strongly in favor of dismissal as Plaintiffs suggest.

### 2. Public Interest Factors

■ Public interest factors include: local interest in resolving the controversy; administrative difficulties for the local courts; and preference for having a forum apply law with which it is familiar. *Lueck*, 236 F.3d at 1147. In this case, we find no abuse of discretion in the district court's determination that these factors "especially" favored dismissal.

It was not unreasonable for the district court to conclude that the local interest factor substantially weighed in favor of dismissal. PNG has a considerable local interest in seeing that a vessel flying a PNG flag, operating out of PNG, and owned by a PNG corporation, deals fairly with employee sailors. This interest can reasonably be said to outweigh Guam's local interest in seeing that the Plaintiffs receive their share of wages in a contract dispute, particularly because neither Plaintiff is a resident of Guam, and also because the vessel's only contact with Guam (other than its arrest) involved the repair its fishing nets there.

The district court also properly concluded that the courts' respective familiarity with the governing law favored dismissal. Because PNG law will resolve the present dispute,[4] the Guam court would be required to apply PNG law, with which it is unfamiliar, if it were to consider the case. The PNG court, on the other hand, will apply its own law.

■ In light of these considerations, and the fact that none of the public interest factors provides a strong reason to keep the litigation in Guam, the district court acted reasonably in determining that

---

2. Because the plaintiffs are residents of the mainland United States, there is no added convenience in having the litigation in Guam. In contrast, PNG is more convenient than Guam to Defendants, because Defendants would have to travel considerably farther from their domiciles to get to Guam than they would to PNG.

3. The district court did observe that, because Defendants did not meet their burden of demonstrating the availability of compulsory process in PNG, this factor weighed against dismissal. The court did not give this factor great weight, however. We find no error in this decision, because the few witnesses that

will testify at the trial are within the control of the parties. The parties have every incentive to insure that their witnesses will testify on their behalf, and thus PNG's possible lack of compulsory process is of little importance here.

4. We have held that "[b]efore dismissing a case for forum non conveniens, a district court must first make a choice of law determination." *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1482 (9th Cir.1987), *amended on other grounds by* 861 F.2d 565 (9th Cir.1988). Here, it is undisputed that PNG law will govern the dispute.

the balance of public interest factors justified dismissal. That Plaintiffs are "wards of admiralty" who are entitled to heightened legal protection does not affect our conclusion. Plaintiffs have not demonstrated that whatever protection they qualify for as sailors would be lessened by a trial in a PNG court.

AFFIRMED.