**Philip R. McNEIL, Plaintiff— Appellant,**

v.

**The STANLEY WORKS, Defendant— Appellee.**

No. 00–16557.

D.C. No. CV–00–01509–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided April 10, 2002.

---

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM*

Philip McNeil ("McNeil") appeals the district court's judgment dismissing his action against The Stanley Works ("Stanley") on the basis of abstention and, alternatively, *forum non conveniens*. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and we have jurisdiction over McNeil's timely appeal under 28 U.S.C. § 1291. We affirm the district court's judgment dismissing McNeil's action on the ground of *forum non conveniens*. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

A *forum non conveniens* determination "is committed to [the] sound discretion of the trial court," and "may be reversed only when there has been a clear abuse of discretion." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir.2000) (quoting *Creative Tech., Ltd. v. Aztech Sys. Pte Ltd.*, 61 F.3d 696, 699 (9th Cir.1995)). The district court abuses its discretion when it relies upon an erroneous view of the law, relies upon a clearly erroneous assessment of the evidence, or strikes an unreasonable bal-

ance of the relevant factors. *Id.* We find no such abuse here.

■ McNeil argues that the district court erred in undertaking a *forum non conveniens* analysis, rather than an analysis under *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15–17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). McNeil cites the forum choice that Stanley made in its complaints initiating administrative proceedings against McNeil pursuant to the Uniform Domain–Name Dispute–Resolution Policy ("UDRP"). Stanley stated that it "will submit," with respect to challenges to the administrative decisions, to the jurisdiction of the courts of San Francisco, California. Assuming that Stanley's forum choice is a contractual provision that McNeil can enforce against Stanley, a proposition that we find doubtful, we note that Stanley's consent to jurisdiction is permissive, rather than mandatory, because it does not specify that the courts of San Francisco, California will have exclusive jurisdiction. *See N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1036–37 (9th Cir.1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."). Accordingly, the district court properly applied a *forum non conveniens*, rather than a *Bremen*, analysis. *See Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505, 509–10 (2d Cir.1998) (the district court reaches a *forum non conveniens* analysis if it finds that the parties did not form a contract containing a mandatory forum selection clause).

■ McNeil also faults the district court for failing to perform a choice-of-law analysis, asserting that United States courts

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

typically retain jurisdiction, rather than relegate the controversy to a foreign tribunal, when United States law applies. We disagree. A choice-of-law determination need be made only when the case involves a statute requiring venue in the United States. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1148 (9th Cir.2001). No such statute is at issue here. Moreover, contrary to McNeil's assertion, the applicability of United States law "ordinarily [should] not be given conclusive or even substantive weight." *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1092 (9th Cir.1998) (internal quotations omitted). The district court therefore correctly declined to perform a choice-of-law analysis.

■ The first step of the *forum non conveniens* analysis asks whether Canada is an adequate, alternative forum for resolving McNeil's complaints. *See Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983). At oral argument before this court, Stanley stipulated that it would submit to jurisdiction in Canada should McNeil bring his claims as cross-claims in the Canadian litigation already pending between the parties, or in a separate action. Canada permits litigation of the subject matter of McNeil's lawsuit, as is evidenced by the primary authority that Stanley cited in its briefs filed with the district court. Consequently, we find that Canada provides an adequate, alternative forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254–55 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (to be adequate, an alternative forum must permit litigation of the subject matter of the dispute, and the defendant must be amenable to process there). Canada is not unsuitable, as McNeil contends, simply because the rights and legal protections provided by Canadian law may be less extensive than those afforded by United States law. *See Piper Aircraft*, 454 U.S. at 247 (a foreign country is not an inadequate forum merely because its laws offer plaintiffs a

lesser remedy than they might expect to receive in the United States); *Lueck*, 236 F.3d at 1143 (same).

The second step of the *forum non conveniens* analysis requires consideration of the private interests of the parties and the interests of the public in retaining the action for trial in San Francisco, California. *See Creative Tech., Ltd. v. Aztech Sys. Pte Ltd.*, 61 F.3d 696, 699 (9th Cir. 1995). The district court concluded that, on the whole, the balance of private and public interest factors points to Canada, not California, as the appropriate forum. We agree.

■ McNeil is a Canadian citizen, and Stanley a Connecticut citizen. The parties' dispute arises out of a failed business relationship between McNeil and Stanley's Canadian subsidiary. The dispute's only tie to California is McNeil's registration of Internet domain names through a registrar whose principal office is in San Francisco, California. Given these facts, the district court could reasonably find that the bulk of any relevant witnesses and evidence would be located in Canada, rather than California. Moreover, as a foreign citizen, McNeil's choice of California as a forum is entitled to less deference. *See Piper Aircraft*, 454 U.S. at 255–56. Accordingly, we find that the district court did not abuse its discretion in concluding that the private interest factors, such as the residence of the parties and the forum's convenience to the litigants, witnesses, and, sources of proof, favor litigation in Canada, rather than California. *See Lueck*, 236 F.3d at 1145 (citing private interest factors for consideration).

McNeil argues that, in balancing the private interest factors, the district court did not accord proper weight to Stanley's consent to jurisdiction in the courts of San Francisco, California for challenges to the administrative decisions in the UDRP proceedings. We disagree. A permissive

choice of forum does not constitute a concession that the forum selected is convenient, and does not require the party moving to dismiss on the basis of *forum non conveniens* to make a heightened showing of inconvenience. *See Blanco v. Banco Indus. de Venezuela S.A.,* 997 F.2d 974, 979–80 (2d Cir.1993); *see also Gemini Capital,* 150 F.3d at 1092 ("a court has the power to dismiss an action on *forum non conveniens* grounds notwithstanding an agreement to arbitrate in the selected forum"). This is so because, under the doctrine of *forum non conveniens,* "the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established." *Am. Dredging Co. v. Miller,* 510 U.S. 443, 448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (internal quotations omitted).

■ McNeil also contends that the district court's balancing of the private interest factors underweighed the difficulty of enforcing a Canadian judgment against the San Francisco-based Internet domain name registrar. We find that McNeil overstates any difficulty to be encountered. McNeil's registration agreement with the San Francisco-based registrar incorporates the UDRP provisions. *See* Uniform Domain–Name Dispute–Resolution Policy, ¶ 1 ("Purpose"), *at* http://www.icann.org/udrp/udrp–policy–24oct99.htm (Aug. 26, 1999). One of the UDRP provisions states that the Internet domain name registrar "will cancel, transfer or otherwise make changes to domain name registrations" upon "receipt of an order from a court ... of competent jurisdiction, requiring such action." *Id.* at ¶ 3 ("Cancellations, Transfers, and Changes"). In light of this provision, we have no reason to believe that the

San Francisco-based registrar will not promptly enforce a Canadian court's judgment with respect to McNeil's registered Internet domain names. ·Accordingly, the district court did not err when it found that the issue of judgment enforcement did not favor retaining the action for trial in ·San Francisco, California.[1]

■ Likewise, the district court did not abuse its discretion in concluding that the public interest factors point to Canada, not California, as the appropriate forum. Given San Francisco's tangential relationship to the dispute, the local interest in retaining the suit is negligible. By comparison, Canada has a strong interest ·in hearing a case brought by a Canadian citizen regarding a dispute that arises out of a failed business relationship between its citizen and the Canadian subsidiary of a Connecticut company. Consequently, it was reasonable for the district court to conclude that Canada should incur the expense of the trial, rather than burden the California courts with the costs of resolving a dispute largely unrelated to the forum. *See Lueck,* 236 F.3d at 1147 (citing public interest factors for consideration).

We find no abuse of discretion in the district court's holding that Canada is an adequate, alternative forum, and that the balance of private and public factors points to trial in Canada, not San Francisco, California. We therefore affirm the district court's dismissal of McNeil's action on the basis of *forum non conveniens.*

**AFFIRMED.**

---

1. We decline to consider McNeil's argument that the district court erred in failing to grant his motion to join the San Francisco-based registrar as an indispensable party because the district court did not rule on the motion before dismissing the case. *See Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir.1995) ("[a]s a general rule, a federal appellate court does not consider an issue not passed upon below").